NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VERNORD CLEVELAND,<br><br>          Plaintiff,<br><br>   vs.<br><br>J. CHUDY, et al.,<br><br>          Defendants. | No. C 10-05350 JF (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a California inmate currently incarcerated at the Correctional Training Facility ("CTF") Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Cleveland05350_svc.wpd

1

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that CTF officials have violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments. (Compl. at 13.) The Court will review the allegations against each Defendant.

Plaintiff alleges that Defendant Sergeant Finely violated his confidentiality rights when he informed Plaintiff that he disclosed personal and private information from his medical records concerning his mental health in the denial of a grievance that was filed concerning a single cell issue. (Id. at 6.) A review of the exhibits in support of this claims shows that Defendant Finley obtained information regarding Plaintiff's mental health from his Central File, which contained placement information provided by the medical department. (Compl., Ex. A.) Plaintiff alleges vaguely that "[t]here is a law/rule that states rules and law prevents anyone from getting or using, or disclosing conffidential [*sic*] [medical/mental] information with the consent of the patient." (Id. at 6.) Be that as it may, Defendant Finely did not violate any constitutional right to privacy by his actions as alleged by Plaintiff. Accordingly, this claim against Defendant Finely is DISMISSED for failure to state a claim.

Plaintiff alleges that Defendant J. Keefer is violating Plaintiff's right to equal protection, by his allegedly falsifying or altering documents in the appeals process to the detriment of Plaintiff and other prisoners. (Id. at 8.) When challenging his treatment with

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Cleveland05350_svc.wpd

2

regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same). Here, Plaintiff fails to allege that he is being treated differently from other prisoners. Rather, he admits that he and "other prisoners" are suffering due to Defendant Keefer's alleged "lack of duty." (Id.) Accordingly, this claim against Defendant Keefer is DISMISSED for failure to state a claim.

Plaintiff alleges that Defendant N. Grannis violated his rights to equal protection and due process under the Fourteenth Amendment by denying "every appeal regardless of the evidents [*sic*] shown to support the allegation." (Compl. at 9.) Plaintiff alleges that Defendant Grannis denied the grievances to "cover up" and "protect" the officers accused of staff misconduct, "even though the defendant knew the seriousness of the violation." (Id. at 10.) In support of his allegations, Plaintiff has attached copies of several Director's Level Appeal decisions on the numerous grievances he has filed. (Id., Ex. E.) Contrary to Plaintiff's assertions, the denials are not arbitrary and contain an explanation and a basis for the decision. Without other evidence to support his claim, Plaintiff's allegations against Defendant Grannis are conclusory and fail to state a claim under the Equal Protection Clause or the Fourth Amendment. Accordingly, the claims against Defendant Grannis are DISMISSED.

Plaintiff claims that Defendant Taylor violated his Fourteenth Amendment right "[w]hen he destroyed [] the plaintiff's personal property and refused to give the plaintiff a cell search slip." (Compl. at 10.) Plaintiff alleges that this act was done in retaliation for his filing a lawsuit alleging sexual misconduct by prison staff. (Id.) With respect to the destruction of personal property, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, as Plaintiff alleges here. See Parratt v. Taylor, 451 U.S. 527, 535-44

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Cleveland05350_svc.wpd

3

1  (1981) (state employee negligently lost prisoner's hobby kit), <u>overruled in part on other
2  grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Hudson v. Palmer</u>, 468 U.S.
3  517, 533 (1984) (intentional destruction of inmate's property).  The availability of an
4  adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it
5  provides sufficient procedural due process.  <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113, 128
6  (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to,
7  deprivation statutory provision for post-deprivation hearing or common law tort remedy
8  for erroneous deprivation satisfies due process).  Accordingly, this property claim is
9  DISMISSED to filing it in state court.  <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th
10 Cir. 1994) (California law provides such an adequate post-deprivation remedy)(citing Cal.
11 Gov't Code §§ 810-895).
12         Plaintiff's retaliation claim is also dismissed for failure to state a claim. "Within
13 the prison context, a viable claim of First Amendment retaliation entails five basic
14 elements:  (1) An assertion that a state actor took some adverse action against an inmate
15 (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
16 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
17 advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th
18 Cir. 2005) (footnote omitted).  <u>Accord</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995)
19 (prisoner suing prison officials under § 1983 for retaliation must allege that he was
20 retaliated against for exercising his constitutional rights and that the retaliatory action did
21 not advance legitimate penological goals, such as preserving institutional order and
22 discipline); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).
23 Plaintiff fails to meet the fourth element because he does not allege that the action chilled
24 the exercise of his First Amendment rights.  Furthermore, according to the inmate appeal
25 decision provided by Plaintiff, it is not disputed that Defendant Taylor was conducting a
26 "routine cell search,"  (Compl, Ex. F), as a means of preserving institutional order and
27 discipline, which are legitimate penological goals.  <u>See</u> <u>Pratt</u>, 65 F.3d at 806.
28 Accordingly, the retaliation claim is DISMISSED for failure to state a claim.

1    Plaintiff alleges that Defendant J. Chudy violated his Eighth Amendment rights by
2 acting with deliberate indifferent to his medical needs. (Comp. at 8.) Plaintiff claims that
3 he has been suffering from a "serious coughing disorder" for more than a year, but that he
4 has been refused testing or diagnosis of his condition. (Id.) Plaintiff alleges that he is
5 being forced "to e]ndure extreme pain" and that his constant coughing is effecting is
6 sleep. (Id.) Plaintiff also alleges that Defendant Dr. Lam refused to treat his serious
7 medical needs, *i.e.*, two tumors in his right arm and his serious coughing disorder. (Id. at
8 11-12.) Liberally construed, these medical claims against Defendants Chudy and Dr.
9 Lam are cognizable under § 1983.

10   Plaintiff names Warden Randy Grounds and B. Dixon as Defendants in this action,
11 but make no allegations against them in the complaint. Accordingly, these Defendants
12 are DISMISSED from this action.

14                              **CONCLUSION**

15   For the reasons stated above, the Court orders as follows:

16   1.    The claims against Defendants Sergeant Finley, J. Keefer, N. Grannis and
17 Taylar are DISMISSED for failure to state a claim. Defendants Randy Grounds and B.
18 Dixon are DISMISSED from this action as Plaintiff has made allegations against them.
19   The Clerk shall terminate these Defendants from this action.

20   2.    The Clerk of the Court shall issue summons and the United States Marshal
21 shall serve, without prepayment of fees, a copy of the complaint in this matter, all
22 attachments thereto, and a copy of this order upon **Defendants J. Chudy and Dr. Lam** at
23 the **Correctional Training Facility - Soledad**. The Clerk shall also mail courtesy copies
24 of the Complaint and this order to the California Attorney General's Office.

25   3.    No later than **sixty (60) days** from the date of this order, Defendants shall
26 file a motion for summary judgment or other dispositive motion with respect to the claims
27 in the complaint found to be cognizable above, or, within such time, notify the Court that
28 Defendants are of the opinion that this case cannot be resolved by such a motion.

a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Cleveland05350_svc.wpd

7

1  Procedure. No further Court order is required before the parties may conduct discovery.

2      9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
3  Court informed of any change of address and must comply with the Court's orders in a
4  timely fashion. Failure to do so may result in the dismissal of this action for failure to
5  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6      IT IS SO ORDERED.

7  DATED: 2/10/11

8      JEREMY FOGEL
    United States District Judge

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Cleveland05350_svc.wpd

8

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IVAN CLEVELAND,

        Plaintiff,

  v.

RANDY GROUNDS, et al.,

        Defendants.

Case Number: CV10-05350 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  2/22/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ivan Vernord Cleveland H-60545
CTF-Soledad
P.O. Box 689
GW 245
Soledad, CA 93960-0689

Dated:  2/22/11

                                      Richard W. Wieking, Clerk